No. 911
CINCI. LEB. & NORTH. RY. CO. et v.
SLOANE, etc.

Ohio Appeals, 1st Dist., Butler Co.

No. 267.    Decided May 20, 1925

677.    JUDGMENT—In personal injury case, bears interest only from date of its entry; and not when verdict was entered.

BUCHWALTER, P. J.

This action was for personal injuries to Samuel Sloane, a minor, 19 years of age, and was brought against the Cincinnati, Lebanon, and Northern Railway Co. and the Pennsylvania Railroad Co. in the Butler Common Pleas. Sloane, while at work in the Company's yards, was directed to bill out two cars and to do this is became necessary for him to go to the yard clerk's office. He rode on the cab of an engine going in that direction and in attempting to alight from the engine he was injured.

It is claimed by Sloane that the defendant company was negligent in permitting an engine to be used where the sill step was broken, or was removed, and was necessary for use in alighting; and that defendant was negligent in that the engineer negligently failed to operate the locomotive at a slow speed or stop the same, after notice of his intention to alight therefrom.

Judgment was rendered in Sloane's favor and error was prosecuted by the Company, its assignments being that the verdict and the judgment are not sustained by sufficient evidence and are manifestly against the weight thereof; that under the Federal rule, being engaged in interstate commerce, Sloane assumed the risk of alighting from the engine while in motion; error in the general charge of the court; that interest was erroneously allowed from date of rendition of the verdict. The Court of Appeals held:

1. After an examination of the record, we do not find that the verdict and judgment are not sustained by the evidence or that they are manifestly against the weight thereof.

2. The cause being submitted on two charges of negligence, and no interrogatories having been submitted to the jury, it cannot be ascertained on which charge of negligence the jury based the verdict.

3. "Where a general verdict has been returned and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in the defendant's favor, it will be presumed that all issues were so determined; and, that where a single determinative issue has been tried free from error, error in presenting another

## STATE COURT OF APPEALS—Continued

issue will be disregarded." Jones v. Erie Rd. Co. 106 OS. 408 at page 410.

4. The verdict was rendered on Nov. 28, 1924, and a motion for a new trial overruled, judgment being entered on Feb. 24, 1924. Interest was allowed from Nov. 28, 1924.

5. A judgment of this character bears interest only from the date of its entry, this judgment will be modified allowing interest from the date of the judgment entry.

Judgment, as modified, affirmed.

Attorneys—Matthews & Matthews, Cincinnati, for Company; C. D. Boyd, Cincinnati, and E. A. Belden, Hamilton, for Sloane.